# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| MASON BURBANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV418-294 |
| | ) | |
| WILLIAM KIRKCONNELL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER AND AMENDED REPORT AND RECOMMENDATION**

Proceeding *pro se* and *in forma pauperis*, plaintiff Mason Burbank has filed this 42 U.S.C. § 1983 action alleging various constitutional violations arising from the execution of a warrant and his subsequent arrest by a Federal Bureau of Investigation (FBI) child pornography task force. *See* CV418-294, doc. 6; *see generally United States v. Burbank*, CR417-44 (charges dismissed and case closed on June 29, 2017). The Court, after screening his Complaint pursuant to 28 U.S.C. § 1915A, recommended dismissal for failure to state a claim. Doc. 7. In his objections, Burbank raised several arguments that warrant consideration. Doc. 8.

First, he complains that the Report and Recommendation (R&R) failed to address his allegations of excessive force. In his Amended Complaint seeking injunctive relief, however, Burbank's reference to an "excessive force" claim was, at best, ambiguous. *See* doc. 6 at 3-4 (listing, *inter alia* and without explication, "excessive force" as a violation of Eighth Amendment rights). Further, the alleged facts only reflect "force" exerted against his step-daughter. *See id.* at 5. Constitutional rights violations, of course, cannot be vicariously asserted. *See Tileston v. Ullman*, 318 U.S. 44, 46 (1943). Even if her rights were violated, therefore, *his* claim for damages for those violations would still be subject to dismissal.[1] To the extent that Burbank alleges that he suffered injuries, including a seizure, migraines, and panic attacks, he does not identify how those injuries resulted from law enforcement's use of force. *See* doc. 6 at 5-6. His requested relief is also inconsistent with the assertion that he asserted a claim for damages based on excessive force. *See id.* at 6 (listing

---

[1] This would be true even if Burbank purported to act on his step-daughter's behalf. Pretermitting whether there might be facts that would preclude allowing Burbank to proceed as her representative, he certainly cannot assert her claim *pro se*. *See, e.g., FuQua v. Massey*, 615 F. App'x 611, 612 (11th Cir. 2015) ("[W]e have held that parents who are not attorneys may not bring a *pro se* action on their child's behalf." (quotes and cite omitted)).

damages sought from each individual defendant "for participating in illegal search").

The Court was not required to construe Burbank's ambiguous references to excessive force as asserting a separate claim for damages. *See Boles v. Riva*, 565 F. App'x 845, 846 (11th Cir. 2014) (leniency afforded to *pro se* litigants "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." (quotes and cite omitted)). It is, moreover, not required to cobble together allegations made across two complaints and an objection to muster an excessive force claim. Given Burbank's additional factual assertions, however, an opportunity to amend his Complaint to flesh out his claim is appropriate. *See, e.g., Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) ("[W]hen a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the action." (citation omitted)).

The balance of Burbank's objection is occupied in his arguments about whether the agents' conduct violated his Fourth Amendment rights, in support of either his claim for injunctive relief or for damages, under

*Bivens*. *See generally* doc. 8. To the extent that his arguments concern the existence or significance of a violation of the provisions of Fed. R. Crim. P. 41, they are irrelevant. Whether or not noncompliance with the Rules might support a motion to suppress evidence procured by those agents, violations of the Federal Criminal Rules are *not* violations of constitutional rights. *See* doc. 7 at 5-11. As such, they cannot form the basis for a *Bivens* claim. *See, e.g., Hollins v. Samuals*, 540 F. App'x 937, 938 (11th Cir. 2013) (citing *Powell v. Lennon*, 914, F.2d 1459, 1463 (11th Cir. 1990) ("To state a *Bivens* claim, a plaintiff must show that he was deprived of a constitutional right.")). Put differently: whether the defendants violated Rule 41, knowingly, intentionally, or otherwise does not constitute a violation of a *constitutional right*.

The viability of Burbank's *Bivens* claim for damages, then, depends upon whether the conduct alleged violated his constitutional rights. Burbank correctly points out that *Simmons* is distinguishable from his case, based on the fact that it involved a covert entry. Doc. 8 at 2. However, *Simmons* also stands for the general proposition that a violation of Rule 41 does not *per se* amount to a violation of the Fourth Amendment: "There are two categories of Rule 41 violations: those involving

4

constitutional violations, and all others." *United States v. Simons*, 206 F.3d 392, 403 (4th Cir. 2000) (citing *United States v. Chaar*, 137 F.3d 359, 362 (6th Cir. 1998); *United States v. Gerber*, 994 F.2d 1556, 1560 (11th Cir. 1993); *United States v. Negrete-Gonzales*, 966 F.2d 1277, 1283 (9th Cir. 1992); *United States v. Burke*, 517 F.2d 377, 386-87 (2d Cir. 1975)).

Based on that distinction, the *Simmons* court "conclude[d] that the failure of the team executing the warrant to leave either a copy of the warrant or a receipt for the items taken *does not render the search unreasonable under the Fourth Amendment*. The Fourth Amendment does not mention notice, and the Supreme Court has stated that the Constitution does not categorically proscribe covert entries, *which necessarily involve a delay in notice*. [Cit.] And, insofar as the [covert search] satisfied the requirements of the Fourth Amendment, *i.e.*, it was conducted pursuant to a warrant based on probable cause issued by a neutral and detached magistrate, we perceive no basis for concluding that the 45-day delay in notice rendered the search unconstitutional." *Simmons*, 206 F.3d at 403 (emphasis added). Thus, the Fourth Amendment's protections are provided by the issuance of the warrant itself, based upon probable cause, and "whatever the most prudent course

5

may be, the [F]ourth [A]mendment does not require officers to have a warrant in hand when searching." *United States v. Cazares-Olivas*, 515 F.3d 726, 730 (7th Cir. 2008).

As set forth in the R&R, whatever *procedural* violations of Rule 41 may have occurred, there was no Fourth Amendment violation. In the absence of a constitutional violation, Burbank cannot state a *Bivens* claim. *See* doc. 7 at 11 ("In sum, the failure of federal agents to provide Burbank with a copy of the warrant at the time of its execution – though indisputably a violation of Rule 41 – did *not* render the search unconstitutional."). Based on the lack of any *constitutional* violation, the R&R correctly pronounced his *Bivens* claim "dead in the water." *Id.* at 12. The remaining alleged constitutional violations, which include "1st Amendment Access to court, 5th, 6th Amendment Due Process," are not related in any discernable way, to any factual allegation. *See* doc. 6 at 3-4 (listing alleged constitutional violations), 5 (factual allegations); *see also* doc. 1 (original Complaint seeking only injunctive relief to prevent agents from testifying or introducing evidence in state criminal proceeding). Such wan allegations were rightly dismissed. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenant that a court must accept as true

all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (cite omitted)).

As to the merits of his motion to suppress evidence in the now-dismissed federal prosecution, it bears repeating that Burbank is currently facing state charges and a state trial and that he seeks to prevent the federal agents who executed the search warrant from testifying against him in his state trial. Doc. 6 at 5-13. It further bears emphasizing that while Burbank sought to suppress the fruits of their search of his electronic devices in the federal case against him, *no order ever issued from this Court suppressing that evidence*. Doc. 7 at 13 (citing CR417-044). Indeed, Burbank concedes that no order exists which can be enforced. Doc. 8 at 4 (noting that "It is true that no suppression order was issued.") Thus, all the law he cites on the merits of suppression (doc. 8 at 2) does not warrant this Court reaching into state proceedings and ruling on the admission of evidence (either the images/videos recovered from his electronic devices or defendants' testimony) before the state court. Doc. 7 at 11-15.

The law is clear that the *only* time a federal court would intervene

in a state prosecution is to stop federal law enforcement from evading a federal court's *order* suppressing evidence. Doc. 7 at 12-14, citing *Rea v. United States*, 350 U.S. 214, 217 (1956); *Wilson v. Schnettler*, 365 U.S. 381, 387 (1961); *United States v. Navarro*, 429 F.2d 928, 930 (5th Cir. 1970). Here, *no such order exists*. The reason that no order exists — that the Government dismissed the charges before an order issued — is irrelevant to the analysis. As is the "timeline" that Burbank harps upon. Doc. 8 at 4. The bare fact of the matter is that no order issued, and, thus, the Court has no interest to balance against the general principles advising non-interference with the state proceeding.

Burbank's argument conflating "knowing and deliberate" with "intentional," which goes to the merits of suppression and touches on an analysis of the executing agents' subjective bad faith in failing to provide Burbank with a copy of the warrant as required by Rule 41 (doc. 8 at 3), does not change matters. To the extent he challenges the Court's dismissal of his requests for damages, he does not demonstrate that the Court erred in its conclusion that Kirkconnell's failure to serve him with a copy of a concededly valid warrant lacks constitutional magnitude. And to the extent he is simply continuing his attempt to relitigate his motion

to suppress that was filed — and never ruled upon — in his federal case (*see* CR417-044), his ongoing legal research provides him no succor. His expectation that this Court *might* have ruled in his favor by granting suppression has no bearing whatsoever on the Court's ability to give him the relief he now seeks: the enforcement of an order that *does not exist*. "Burbank, in other words, asks for relief that this Court cannot provide." Doc. 7 at 15.

As set forth in the R&R, Burbank may (and, indeed, must, if he pursues them at all) take his arguments for suppression to the state trial court. Doc. 7 at 12 n. 7. Longstanding abstention jurisprudence cautions against this Court interfering in his state trial court proceedings, particularly where (as here) plaintiff clearly has an adequate remedy in the state courts. *Younger v. Harris*, 401 U.S. 37, 53 (1971); *Wilson*, 365 U.S. at 384; *see also Doby v. Strength*, 758 F.2d 1405, 14005-06 (11th Cir. 1985) (requiring abstention where plaintiff raised Fourth Amendment § 1983 claims related to ongoing state proceedings). Any ruling by this Court on the constitutionality of the execution of the warrant, and any alleged technical violation of Rule 41, would certainly interfere with the results reached in the state court proceeding. *See 31 Foster Children v.*

*Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003). This the Court will not do.[2] Dismissal of his suppression-related claims are appropriate. *See Jackson v. Georgia*, 273 F. App'x 812, 813-14 (11th Cir. 2008) (affirming *sua sponte* dismissal pursuant to 28 U.S.C. § 1915A due to Younger abstention); *Smith v. Mercer*, 266 F. App'x 906, 908 (11th Cir. 2008) ("[a] dismissal pursuant to the Younger doctrine is without prejudice, and does not preclude later re-filing of the complaint").

In sum, the Court **VACATES** its prior recommendation that the Complaint be dismissed without leave to amend. Doc. 7. Burbank will be given an opportunity to file an amended complaint setting forth his allegations of excessive force used against him at his arrest. He is **ORDERED** to file his Second Amended Complaint within 14 days of service of this Order or face a recommendation of dismissal for failure to comply with a Court Order. The Court further **REINSTATES and AMENDS** its prior Report and Recommendation that all of Burbank's

---

[2] Nor will it "bring this case back to federal court where original jurisdiction is." Doc. 8 at 5. Burbank does not even hint where the Court would find the authority to deprive the State of its right to prosecute him under its criminal laws, but it is clear that he hangs his hat on the belief that, had the matter not been dismissed, the suppression order would have gone his way. The Court reminds him, yet again, that *no order has issued* and that nothing in the record indicates that the evidence would have been suppressed, had one issued.

10

claims arising from agents' failure to provide him with a copy of the warrant in noncompliance with Fed. R. Crim. P. 41(f)(1)(C), including both damages and the exclusion of evidence and testimony from his state criminal prosecution, be **DISMISSED**. Doc. 7 at 15, quoting *Ponzi v. Fessenden*, 258 U.S. 254, 260 (1922) (an accused "should not be permitted to use the machinery of one sovereignty to obstruct his trial in the courts of the other, unless the necessary operation of such machinery prevents his having a fair trial.").

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and

recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 20th day of March, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA