IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MASON BURBANK

    Plaintiff,

v.

WILLIAM KIRKCONNEL; CHARLES WOODALL; JOHN BARRY; and JOHN SCHMITT

    Defendants.

CIVIL ACTION NO.: 4:18-cv-294

## O R D E R

After an independent and *de novo* review of the entire record, the Court concurs with the Magistrate Judge's March 20, 2019 Report and Recommendation, (doc. 9), to which the parties did not file objections. For the reasons set forth below, the Court **STRIKES** Plaintiff's Second Amended Complaint, which continues to plead claims properly dismissed in the Report and Recommendation ("R&R") and **ADOPTS** the R&R as the opinion of the Court. Consequently, the Court **DISMISSES** Plaintiff's suppression-based *Bivens* and "*Rea*" claims from the Complaint as well as his vicarious excessive force complaint brought on behalf of his juvenile step-daughter or his partner.

Burbank continues to argue that his motion to suppress should have, and would have, been granted in his prior federal criminal case. (*See* docs. 10 & 11.) But the simple fact remains that it was not. *See* CR417-044. There can therefore be *no Rea* action. *Rea v. United States*, 350 U.S. 214, 217 (1956), cited in doc. 9 at 8-9. As Burbank has been told, again and again, *Rea* applies only to enforce a federal court's *Order*. Where, as here, no such order exists, no such

action exists. (*See* docs. 7 at 13-15 (*Rea* does not apply because "there is no suppression order to protect here.") & 9 at 7-8 (*Rea* does not apply because "*no such order exists*" and "[t]he reason that no order exists — that the Government dismissed the charges before an order issued — is irrelevant to the analysis.")).) And all the counter-factual hypothesizing in the world about the merits of his suppression motion cannot manufacture a *Rea* claim.

Nor does a mere procedural violation create a constitutional claim to support a *Bivens* action. (Doc. 9 at 4-6, 8; doc. 7 at 8, 10-12.) Whatever procedural violations of Rule 41 may have occurred, there was no Fourth Amendment violation. Burbank also does not dispute the factual deficiencies of his remaining alleged constitutional violations, which include "1st Amendment Access to court, 5th, 6th Amendment Due Process." Such sere allegations, too, are rightly dismissed. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (citation omitted)).

Finally, plaintiff's motion for a hearing to recapitulate, yet again, this Court's refusal to intervene in state proceedings to enforce a non-existent order (doc. 10) is **DENIED**. Regardless of Burbank's wish to litigate his complaints about the execution of the search here, he must take his arguments for suppression to the state trial court. As set forth in the R&R:

> Longstanding abstention jurisprudence caution against this Court interfering in [plaintiff's] state trial court proceedings, particularly where (as here) plaintiff clearly has an adequate remedy in the state courts. *Younger v. Harris*, 401 U.S. 37, 53 (1971); *Wilson*, 365 U.S. at 384; *see also Doby v. Strength*, 758 F.2d 1405, 14005-06 (11th Cir. 1985) (requiring abstention where plaintiff raised Fourth Amendment § 1983 claims related to ongoing state proceedings). Any ruling by this Court on the constitutionality of the execution of the warrant, and any alleged technical violation of Rule 41, would certainly interfere with the results reached in the state court proceeding. *See 31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003). This the Court will not do.[1] Dismissal of his suppression-related claims are appropriate. *See Jackson v. Georgia*, 273 F. App'x 812, 813-14 (11th

2

Cir. 2008) (affirming *sua sponte* dismissal pursuant to 28 U.S.C. § 1915A due to Younger abstention); *Smith v. Mercer*, 266 F. App'x 906, 908 (11th Cir. 2008) ("[a] dismissal pursuant to the Younger doctrine is without prejudice, and does not preclude later re-filing of the complaint").

> FN 1   Nor will it "bring this case back to federal court where original jurisdiction is." Doc. 8 at 5. Burbank does not even hint where the Court would find the authority to deprive the State of its right to prosecute him under its criminal laws, but it is clear that he hangs his hat on the belief that, had the matter not been dismissed, the suppression order would have gone his way. The Court reminds him, yet again, that *no order has issued* and that nothing in the record indicates that the evidence would have been suppressed, had one issued.

Doc. 9 at 9-10. Burbank's suppression-based *Rea* and *Bivens* claims and his vicarious excessive force claims are thus properly **DISMISSED** from the Complaint. Only Burbank's personal claims regarding his allegations of excessive force may continue.

Plaintiff is therefore **ORDERED** to file a Third Amended Complaint setting forth his allegations of excessive force against those defendants he contends utilized that force against him within 14 days of service of this Order. The failure to timely file an Amended Complaint complying with this Order will result in dismissal of his excessive force claim as well. **No allegations regarding the allegedly defective service of a copy of the warrant arguing in support of suppression will be considered by the Court in any subsequent screening**.[1]

**SO ORDERED**, this 23rd day of April, 2019.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] To the extent Burbank requires factual allegations regarding the allegedly deficient service of the warrant to set forth his excessive force allegations, those will be permitted. They will not, however, be considered in the context of a purported *Rea* claim.